SOLOMON DEHYDRATING COMPANY,
Incorporated, Appellant,

v.

Clarence R. GUYTON, Appellee.

No. 16584.

United States Court of Appeals
Eighth Circuit.

Oct. 18, 1960.

Dryden & Jensen, Kearney, Neb., and
Charles Paine, Grand Island, Neb., for
the motion in behalf of appellant.

Schrempp & Lathrop and Henry C.
Rosenthal, Jr., Omaha, Neb., in opposition to the motion of appellant.

Before JOHNSEN, Chief Judge, and
MATTHES, Circuit Judge.

PER CURIAM.

As an incident of its appeal to this
Court from a judgment rendered against
it, appellant seeks by motion to have us
discharge or reduce the amount of the
attachment, which had been made
against it on its non-resident status, under Neb. R.R.S.1943, § 25–1001, in the
relationship thereof to the redelivery
bond which had been executed by appellant in substitution for and restoration
of the property.

The motion is predicated on the
ground that supersedeas has been made
of the amount of the judgment for purposes of the appeal, and that there accordingly is no need or right to a continuance of the attachment security.

In its granting and fixing of the
amount of supersedeas under Rule 73(d),
Federal Rules of Civil Procedure, 28
U.S.C.A., the District Court had ordered
that the attachment redelivery bond
should remain in effect until final termination of the action. This it had the
authority and discretion to do, since under Rule 73(d) the supersedeas security
would have application only in case of
the affirmance or a modification of the
judgment appealed from. Should the
judgment be reversed or vacated, no immediate security would exist as to any
future judgment which might be rendered in appellee's favor, except the attachment redelivery, bond, in the significance which that fact could have in the
circumstance of appellant's non-resident
status.

The trial court necessarily was called
upon to exercise its judgment and discretion in relation to these realities, and
no facts are made to appear which would
entitle us to say that it has been guilty
of an abuse. The court would have had
the right in fixing supersedeas to take
into account, if it chose, the amount of
security existing from the attachment,
under the implication of the provisions
of Rule 73(d) that "When the judgment
is for the recovery of money not otherwise secured, the amount of the (supersedeas) bond shall be fixed at such sum
as will cover the whole amount of the
judgment remaining unsatisfied, costs
on the appeal, interest, and damages for
delay, unless the court after notice and
hearing and for good cause shown fixes a

different amount of orders security other than the bond". But appellant chose to accept and provided the amount of supersedeas which the court fixed, and in relation to which the court further directed that the attachment redelivery bond should remain in effect until the final termination of the litigation.

Appellant's motion to have us discharge or reduce the amount of the attachment redelivery bond is in the circumstances without any legal or equitable basis for us to examine the discretion which the trial court was entitled to exercise, and it is accordingly denied.